# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## STATE OF TENNESSEE v. AUBREY CLARK BAKER

**Appeal from the Criminal Court for Sumner County**
**No. 181-2008**

**No. M2010-00032-CCA-R3-CD - Filed February 23, 2010**

The Appellant, Aubrey Clark Baker, appeals the trial court's denial of his motion for a reduction of sentence. Because the Appellant's motion was not timely filed, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ. joined.

Aubrey Clark Baker, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The record in this appeal was filed on January 12, 2010. The Appellant is appealing the denial of his motion for a reduction of sentence. The record reflects that the Appellant pled guilty on March 10, 2008, to attempted possession of a controlled substance. On June 25, 2008, the Appellant filed his first motion for a reduction of sentence. The trial court denied the same on June 27, 2008. The Appellant did not appeal. On December 1, 2009, the Appellant filed a second motion for a reduction of sentence. The trial court denied the same on December 15, 2009. On December 31, 2009, the Appellant filed a notice of appeal from that order.

Rule 35(a) states that a motion for a reduction of sentence must be filed within 120 days after sentence is imposed. The rule further states that no extensions of time shall be allowed and that no other actions toll the 120 day time limit. Id. Although the Appellant appears to have timely filed his first motion for reduction of sentence, he did not pursue an appeal of the denial of the same. Tenn. R. Crim. P. 35(d) (the Rules of Criminal Procedure

provide for an appeal of the trial court's denial of a motion to reduce sentence). The second motion was filed well beyond the 120 day time limit. Thus, the trial court should have dismissed the second motion as untimely. See State v. Mitchell Simpson, No. E2007-00866-CCA-R3-CD, 2008 WL 490611 (Tenn. Crim. App., Feb. 25, 2008) (denial of motion for reduction of sentence affirmed on appeal when motion filed beyond 120 day time limit). As Rule 35(a) clearly states, "[n]o other actions toll the running of [the 120 day] time limitation." The argument advanced by the Appellant in support of the second motion is the same as the one he advanced in support of the first motion he filed a year and a half earlier. Regardless, the filing of the Appellant's first motion did not toll the 120 time limit especially after the trial court issued a ruling on the merits of the first motion.

For this reason, the order of the trial court denying the Appellant's second motion for a reduction of sentence is hereby affirmed pursuant to Court of Criminal Appeals Rule 20. Briefing by the parties is suspended pursuant to Rule of Appellate Procedure 2. Because the record reflects that the Appellant is indigent, costs are taxed to the State.

_____

JERRY L. SMITH, JUDGE